UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mt. Hawley Insurance Company,

    Plaintiff,

v.                                     Case No. 19-11418

McKinley, Inc., *et al.,*             Sean F. Cox
                                              United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING MOTION TO TRANSFER VENUE

This case involves a commercial general liability insurance policy issued by Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") to Defendant McKinley, Inc. ("McKinley") that was effective from May 1, 2014 to May 1, 2015. Defendant Castleton Corner Owners Association ("the Association") is alleged to be an "also insured" under the policy. Mt. Hawley seeks a declaration that Michigan law applies to the policy and that the policy does not provide coverage to either McKinley or the Association in connection with a lawsuit filed in Indiana. McKinley and the Association filed a Counter Complaint asserting two counts: 1) Count I, seeking a declaratory judgment in their favor (that Indiana law applies and that there is coverage under the policy); and 2) Count II, alleging that Mt. Hawley breached the insurance contract.

The matter is currently before the Court on Defendants' Joint Motion For Transfer of Venue Pursuant to 28 U.S.C. § 1404(a). The Court concludes that oral argument is not necessary and shall decide the motion without a hearing. Local Rule 7.1(f). The pending motion asks this Court to transfer this action to the United States District Court for the Southern District of

1

Indiana, Indianapolis Division. It is undisputed that this case could have been filed in that court. Defendants contend that the action should be transferred there for the convenience of parties and witnesses. For the reasons set forth below, the Court shall GRANT the motion and transfer this case.

**BACKGROUND**

The following facts are relevant for purposes of Defendants' pending Motion to Transfer Venue.

Plaintiff Mt. Hawley, the insurance company, is an Illinois Corporation with its principal place of business in Illinois. Defendants contend, and Mt. Hawley does not dispute, that it was not licensed to sell insurance in Michigan. The insurance policy at issue in this case was placed through a surplus line broker, R-T Specialty, of West Palm Beach, Florida. (ECF No. 33-2).

The insurance policy at issue is a commercial general liability insurance policy issued by Mt. Hawley to McKinley, that was effective from May 1, 2014 to May 1, 2015. McKinley is the primary named insured on the policy. The Association is alleged to be an "also insured" under the policy.

McKinley is a Michigan corporation with its principal place of business in Michigan. During the relevant times (ie., when the insurance policy was obtained and when the incident at issue occurred), McKinley owned or managed residential and commercial properties in several different states, including Michigan, Illinois, Florida, Indiana, Texas, Georgia, Virginia, Arizona, and Ohio. (Affidavit of Tina Cox). McKinley insured those properties, and the legal entities owning those properties, on the Mt. Hawley insurance policy.

The Association is an Indiana corporation with its principal place of business in Indiana.

The Association was formed in order to provide for the maintenance and administration of various pieces of real property located in Indianapolis, Indiana. (Compl. at ¶ 12; Assoc.'s Answer at ¶ 12; Defs.' Br.; Tina Cox Affidavit 2).

An entity called Conroad Associates, L.P. ("Conroad") owns certain real property in Indianapolis, Indiana ("the Conroad Property"). Conroad is a member of the Association and the Conroad Property constitutes a portion of the Association Property. (Compl. at 13; Assoc.'s Answer at 13).

In 2008, the Association entered into a Real Estate Management Agreement with McKinley. Under that agreement, McKinley provided services for the common areas and lift station of the Association's property in Indiana. (Tina Cox Affidavit). McKinley had a property manager named Curtis Pitts handling on-site duties at the Conroad Property. That property manager provided services that included inspections of the sewer lift and arranging for repairs and maintenance of the lift station. Curtis Pitts is a resident of Indiana and is no longer employed by McKinley. (*Id.*).

On or about February 14, 2015, there was an incident involving a sewer lift station that serviced the Conroad Property, which allegedly damaged the Conroad Property and its commercial tenant.

Conroad sued McKinley and the Association in Indiana state court, seeking recovery for claimed damages ("the Conroad Lawsuit'). The Conroad Lawsuit was filed in the Marion County Superior Court.

McKinley then tendered the suit to Mt. Hawley, and also made a demand to the Association to indemnify McKinley. Defendants state that "[f]our years after McKinley

tendered the suit to Mt. Hawley – and approximately two months before the case went to trial – Mt. Hawley issued a letter to McKinley and [the Association] denying coverage to them for the Conrad Lawsuit." (Defs.' Br. at 7).

On May 14, 2019, Mt. Hawley filed this action against Defendants McKinley and the Association, based on diversity jurisdiction. Mt. Hawley's Complaint for Declaratory Judgment states that this is an action for declaratory judgment "to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for McKinley and [the Association] under a commercial general liability insurance policy issued by Mt, Hawley" to McKinley. (Compl. at 1-2). Mt. Hawley seeks a declaration that Michigan law applies to the policy at issue and that its insurance policy does not provide coverage to either McKinley or the Association in connection with the lawsuit filed in Indiana.

As to coverage, Mt. Hawley's Complaint alleges that numerous policy exclusions may apply such that there is no coverage for the Conrad Lawsuit. The Complaint includes the allegation that there is no coverage because a pollution exclusion provision applies, but it also includes *many others*. (*See* Compl. at 16-19).

Along with their Answer and Affirmative Defenses, McKinley and the Association filed a Counter Complaint asserting two counts: 1) Count I, seeking a declaratory judgment in their favor (that Indiana law applies and that there is coverage under the policy); and 2) Count II, alleging that Mt. Hawley breached the insurance contract.

## ANALYSIS

Defendants ask this Court to transfer venue from this Court to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009).[1] This Court has previously explained:

> In deciding a motion to transfer venue, the Court must determine: 1) whether the action could have been brought in the proposed transferee district, 2) whether a transfer would promote the interests of justice, and 3) whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006). Factors to be considered include: 1) the convenience of the parties and witnesses; 2) the location of documents and the relative ease of access to sources of proof; 3) the locus of the operative facts; 4) availability of process to compel attendance of witnesses; 5) cost of obtaining witnesses; 6) the forum's familiarity with the governing law; 7) the weight accorded to the plaintiff's choice of forum; 8) trial efficiency; and 9) the interests of justice. *Id.*

*Georgetown Home & Garden, LLC v. Tractor Supply Co.*, 2011 WL 13218003 at * 2 (E.D. Mich. 2011).

Here, it is undisputed that this action could have been brought in the proposed transferee

---

[1] "An order granting or denying a transfer" under § 1404(a) "is interlocutory and not immediately appealable." *Hadix v. Johnson*, 228 F.3d 662, 669 (6th Cir. 2000).

district.  (*See* Pl.'s Br. at 7) ("Mt. Hawley does not dispute that this action could have been brought in the Southern District of Indiana.").  As such, the Court will proceed to evaluate the above factors in order to determine whether this Court should grant the requested transfer.

**A.     Little Deference Will Be Accorded To Mt. Hawley's Choice Of Forum, As It Is A Declaratory-Judgment Plaintiff And An Illinois Corporation With Its Principal Place Of Business There.**

McKinley and the Association assert that Mt. Hawley's choice of forum should be afforded little to no weight for two reasons.

First, directing the Court to *Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F.Supp.2d 623 (W.D. Mich. 2009) and the Seventh Circuit case discussed in it, they contend that because Mt. Hawley is a declaratory-judgment plaintiff, its choice of forum should be given little to no weight.  In *O'Leary*, the district court explained:

> "**Although plaintiff's choice of forum is ordinarily entitled to some deference, it should carry less weight in a declaratory judgment action.** 'A plaintiff brings such an action because it has perceived a threat of suit. Therefore, its posture before the court is more akin to a defendant than an ordinary plaintiff seeking relief.' " *Zimmer Enters., Inc. v. Atlandia Imports, Inc.,* 478 F.Supp.2d 983, 989 (S.D. Ohio 2007) (Thomas Rose, J.) (quoting *Societe Generale v. Florida Health Sciences Ctr., Inc.,* 2003 WL 22852656, *7 (S.D. N.Y. Dec. 3, 2003) (Cedarbaum, J.)); *see also Emerging Vision, Inc. v. For Eyes Optical Co.,* 2009 WL 702243, *4 (S.D. N.Y. Mar. 16, 2009) (Deborah Batts, J.) (citations omitted). Relying on this same observation, the Seventh Circuit holds that a district court may choose to give little *or no* weight to a declaratory-judgment plaintiff's choice of forum in the section 1404(a) analysis. In a declaratory-judgment action, the Seventh Circuit employed reasoning which applies equally well in the instant case:
>
>> When a plaintiff chooses her own forum, it is normally reasonable to assume that the choice is convenient. The plaintiff is, after all, master of the complaint ..., and this includes the choice of where to bring suit. In normal instances, therefore, a certain deference is due to the plaintiff's choice of forum with respect to convenience.
>>
>> In the case of a declaratory judgment action, however, that principle has less force: but for Hyatt's preemptive filing in

6

> Illinois, this would be in all respects Coco's suit, and he would have been entitled to file whenever he wanted, wherever he wanted. He is the "natural plaintiff"—the one who wishes to present a grievance for resolution by a court. *Tempco Elec. Heater Corp. v. Omega Eng., Inc.,* 819 F.2d 746, 749–50 (7th Cir.1987).
>
> We have expressed wariness at the prospect of "a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural plaintiff.' " *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 10 F.3d 425, 431 (7th Cir. 1993). It is quite clear from Coco's arguments, and from his having filed suit [elsewhere], that Illinois is not his forum of preference.
>
> *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002) (paragraph breaks added) (other internal citations omitted). *Accord Breckenridge Pharmaceutical, Inc. v. K.V. Pharmaceutical Co.,* 2009 WL 1404698, *5 (S.D. Fla. May 19, 2009) ("Where two courts have concurrent jurisdiction over substantially similar actions, less deference may be given to a plaintiff who has filed a declaratory judgment [action] in anticipation of litigation.") (citing *Ven–Fuel, Inc. v. Dep't of Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982) (a district court may decline to consider a declaratory-judgment action on its merits when a proceeding pending in another court will fully resolve the controversy between the parties)).

*O'Leary*, 676 F.Supp.2d at 631-32 (bolding and italics in original).

Second, McKinley and the Association assert that Mt. Hawley's choice of forum should be given less weight because it is an Illinois corporation with its principal place of business in Illinois. They assert that, '[a]part from its desire to apply Michigan substantive law to the Mt. Hawley's Policy, Mt. Hawley has no personal interest in having this case tried in the Eastern District of Michigan." (Defs.' Br. at 11).

In *Georgetown Home & Garden*, this Court expressed agreement with that argument, stating:

> The fact that a plaintiff is not a resident of the forum state 'diminishes the importance of Plaintiffs' choice of forum and ease[s] [a] Defendant's burden in establishing that transfer should be favored." *Peiker Acustic, Inc. v. Kennedy*, 2010 WL 3419457 at *5 (E.D. Mich. 2010). "Where a plaintiff chooses to litigate away from its principal place of business, the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will

7

be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff." *Id*. (quoting *Waste Distillation Tech., Inc. v. Pan Am Res., Inc*., 775 F.Supp. 759, 764 (D. Del. 1991).

*Georgetown Home & Garden, supra*, at *6.

Given that Mt. Hawley is a declaratory-judgment plaintiff, and that it is an Illinois corporation with its principal place of business there, this Court agrees that little deference should be afforded to Mt. Hawley's chosen forum of Michigan.

**B.      Several Factors That Can Be Considered Are Neutral Here.**

Several of the above factors that a district court can consider when evaluating a motion to transfer are neutral here.

As many courts have recognized, the location-of-documents factor is a neutral factor in today's modern era of faxing, emailing, and scanning of documents. *See, e.g., Coker v. Bank of America*, 984 F.Supp. 757, 765 (S.D. NY 1997); *Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.* 676 F.Supp.2d 623, 635 (W.D. Mich. 2009); *Wayne Cnty. Emp. Retire. Sys. v. MGIC Inv. Corp*., 604 F.Supp.2d. 969, 976 (E.D. Mich., J. Lawson 2009).

The forum's familiarly with the governing law is also a neutral factor as both federal courts are equipped to apply the governing law.

As to trial efficiency, both federal courts appear to have similar statistics as to the time it takes for a case to proceed to trial.  (*See* Defs.' Br. at 22).  Thus, this factor is either neutral or weighs slightly in favor of Indiana, the state wherein the underlying case was litigated and where some further proceedings may take place.

**C.      Convenience Of The Parties/Witnesses And Locus Of Operative Facts Are The Most Important Considerations In This Case And They Weigh In Favor Of Transfer.**

This Court concludes that the convenience of the parties/witnesses and locus of operative

facts are the most important factors as to this particular case. As to these factors, the parties try to frame this case differently for the Court.

In their opening motion, Defendants identify the numerous witnesses that are located in Indiana (*see* Defs.' Br. at 13-15), which include Curtis Pitts, the McKinley property manager who maintained the lift station, who is no longer employed by McKinley and cannot be compelled to travel to Michigan for trial, several Indiana companies and contractors hired for clean up and repairs to the lift station, and the employees of the commercial tenant of the property at the time of the incident.

Citing to *American Steamship Owners Mut. Prot. and Indemn. Assoc., Inc. v. LaFarge North Am., Inc.*, 474 F.Supp.2d 474 (S.D. N.Y. 2007), Mt. Hawley asserts that in evaluating the transfer motion, the "relevant witnesses and evidence are the witnesses and evidence that pertain to the issuance and interpretation of the insurance contract – not the underlying dispute." (Pl.'s Br. at 9). Mt. Hawley argues that "[n]one of the insurance-contract negotiations, and none of the facts relevant to the issuance of the insurance contract, are centered in Indiana, as opposed to Michigan, Illinois, and Florida, where all of the insurance-contract negotiations and related conduct occurred." (*Id*. at 8). Mt. Hawley's brief suggests that facts as to the underlying claim are not significant here and asserts that in this case "the issue is, in its simplest terms, whether the release of pollutants that gave rise to the underlying claim fall within the 'absolute' pollution exclusion in the Mt. Hawley Policy." (*Id*. at 9).

In their Reply Brief, Defendants note that while Mt. Hawley's brief in opposition to their motion characterizes this coverage dispute as being just about the pollution exclusion, "its Complaint and discovery requests put into issue many other policy provisions and coverage

9

issues, the application of which are dependent on the facts and witness testimony regarding the underlying Lift Station Incident and Conrad Lawsuit." (Reply Br. at 1 n.1). Defendants further note that Mt. Hawley "has not dismissed or offered to waive those other coverage defenses or issues" and maintains that they should be considered when determining this motion. (*Id*.) This Court agrees with Defendants.

Mt. Hawley has asserted that a litany of coverage defenses and issues are in play in this case, in both its Complaint and its Answer to Defendants' counter-claims. And it has sought discovery in this case as to underlying Lift Station Incident and the Conrad Lawsuit. (*See* Defs.' Reply Br. at 3). It is not the formation of the insurance policy, or who placed it or negotiated its terms, that is at issue in this case. "Rather, the facts related to the underlying Lift Station Incident and Conrad Lawsuit, and the witnesses with knowledge of those facts and how those facts apply to the policy terms, are most relevant to the resolution of this dispute." (Defs.' Reply Br. at 1).

**D.     The Availability Of Process To Compel Attendance Of Witnesses And Cost Of Obtaining Witnesses Also Weighs In Favor Of Indiana.**

As Defendants' papers explain, the majority of likely non-party witnesses are located in or near Indianapolis, and therefore subject to the Southern District of Indiana's subpoena power. "Other than McKinley's Michigan and Ohio-based witnesses, whom McKinley will voluntarily produce in the Southern District of Indiana, the Eastern District of Michigan would not have subpoena power over any of the likely non-party witnesses." (Defs.' Br. at 19). As such, these factors also weigh in favor of transfer.

## CONCLUSION & ORDER

For the reasons set forth above, Defendants' Motion to Transfer Venue is GRANTED

and the Court ORDERS that this action is TRANSFERRED to the United States District Court for the Southern District of Indiana, Indianapolis Division.

      IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: November 19, 2019